**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| MALIK H. SWINTON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:25-CV-386-JEM |
| | ) | |
| FRANK BISIGNANO, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1] filed by Plaintiff Malik H. Swinton

on July 10, 2025, and Plaintiff's Opening Brief [DE 15], filed on December 11, 2025. Plaintiff

requests that the decision of the Administrative Law Judge be reversed and remanded for further

proceedings. On February 26, 2026, the Commissioner filed a response, and on April 29, 2026,

Plaintiff filed a reply. For the following reasons, the Court affirms the Commissioner's decision.

**I.      Background**

On September 1, 2021, Plaintiff filed applications for benefits, with an amended alleged

onset date of June 2, 2013. Plaintiff's previous award of benefits was based in part on fraud, for

which he pled guilty, and the decision was reopened. On December 11, 2024, Administrative Law

Judge ("ALJ") Stephanie Katich held an in-person hearing at which Plaintiff, along with an

attorney and a vocational expert ("VE"), testified. On March 18, 2025, the ALJ issued a decision

finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.      The claimant last met the insured status requirements of the Social Security Act on
March 31, 2017.

1

2.    The claimant did not engage in substantial gainful activity during the period from his alleged onset date of June 2, 2013, through his date last insured of March 31, 2017.

3.    Through the date last ensured, the claimant had the following severe impairments: mild degenerative disc disease/invertebral disc syndrome of the lumbar spine with bilateral radiculopathy of the lower extremities, possible Osgood-Schlatter disease of the left knee, degenerative joint disease/arthralgia of the bilateral knees, status post-right knee partial thickness tear with bilateral knee arthroscopies, mild degenerative joint disease of the shoulder/rotator cuff strain of the bilateral acromioclavicular, obesity, generalized anxiety disorder, major depressive disorder, post-traumatic stress disorder, chronic/persistent adjustment disorder, and a history of alcohol dependence.

4.    Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5.    Through the date last insured, the claimant had the residual functional capacity to perform light work except that the claimant could occasionally climb ramps and stairs and he could never climb ladders, ropes, or scaffolds. The claimant could occasionally balance, stoop, kneel, crouch, and crawl. The claimant could occasionally reach overhead with the bilateral upper extremities. He should have avoided all exposure to unprotected heights, unguarded moving machinery, wet, slippery, or uneven surfaces, extreme heat, extreme cold, and vibration, including vibrating surfaces and hand tools. The claimant could understand, remember, and carry out simple instructions and tasks. He could make judgments related to simple, work-related decisions. He could tolerate occasional interactions with co-workers, supervisors and the general public. He could respond appropriately to usual work situations and he should have avoided work activity requiring a fast-paced production rate, such as assembly line-type work activity, and with no more than occasional changes in terms of work setting, tools, and processes.

6.    Through the date last insured, the claimant was unable to perform any past relevant work.

7.    The claimant was a younger individual age on the date last insured.

8.    The claimant has at least a high school education.

9.    Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant was "not disabled," whether or not the claimant has transferable job skills.

10.   Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in

significant numbers in the national economy that the claimant could have performed.

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from June 2, 2013, the alleged onset date, through March 31, 2017, the date last insured.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.    Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ "will reverse an ALJ's decision only if it is the result of an error of law or if it is unsupported by substantial evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023). "A reversal and remand may be required, however, if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014). At a minimum, "[a]n ALJ must provide an adequate 'logical bridge' connecting the evidence and [the] conclusions, but an ALJ's opinion need not specifically address every single piece of evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)).

### III.    Analysis

Plaintiff argues that the ALJ erred in failing to explain why an examining provider's medical opinion was unpersuasive and failing to address an examining psychologist's opinion. The Commissioner argues that the ALJ explained the weight given to the examiner's opinion and did not need to address the psychologist's report.

First, Plaintiff argues that the ALJ did not adequately address the opinion of William Richards, an examining physician assistant. The ALJ summarized his findings in detail, then concluded that she found his analysis of work-related limitations to be "generally unpersuasive" because, although the examination findings support some limitations, "the conclusions of Mr. Richards are unspecific as to how long the claimant can perform certain task," the definitions he used of work levels appear to differ significantly from those used by the agency, and the conclusions are "inconsistent with the medical evidence of record." AR 2934.

Plaintiff argues that the ALJ did not adequately explain her conclusions. Plaintiff argues that Richards found that he was less limited than Plaintiff reported, so Richards did not just adopt the self-reports wholesale. He also argues that it is not apparent how the findings are inconsistent with medical evidence, since mild imaging and normal gait do not exclude the need for limitations. However, as the Commissioner argues, the ALJ did address other medical information in the record and how it supports a finding of limitations, some of which differ from those opined by Richards. The ALJ pointed out the discrepancies between the "heavy" lifting restrictions as described by Richards and the amount of weight to be lifted, and concluded that a limitation to light exertion was appropriate. The ALJ did not indicate that all of Richards's assessments were based on Plaintiff's reports, nor did she discount them all on that basis, but explained that the rest periods in particular seemed to be based on Plaintiff's report to Richards and explained why that limitation

was not fully supported by the other medical evidence. In short, the ALJ explained the weight given to Richards's opinion, explained why she was not fully persuaded by its conclusions based on other information in the record, and explicitly addressed the factors of how the medical opinion is supported and how consistent it is with other evidence, 20 C.F.R. § 404.1520c(b), (c).

Plaintiff also argues that the ALJ also failed to consider the October 2017 medical opinion of examining psychologist Baumann. As the Commissioner argues, = Dr. Bauman's opinion was given nearly seven months after the relevant period under review, so the ALJ was not obligated to evaluate the opinion. *See Martinez v. Astrue*, 630 F.3d 693, 699 (7th Cir. 2011) (citing 42 U.S.C. § 423(c); 20 C.F.R. § 404.140) ("[claimant] had social security disability coverage only until the end of 2003; if she was not disabled by then, she cannot obtain benefits even if she is disabled now" so the ALJ need not consider "a 2005 report from her physician that relied primarily on examinations after 2003"); *Eller v. Comm'r of Soc. Sec.*, No. 1:23-CV-00239-SLC, 2024 WL 3770761, at *8 (N.D. Ind. Aug. 13, 2024) (finding medical records after date last insured not relevant to disability determination).

An ALJ's decision denying benefits will be affirmed "so long as it is supported by substantial evidence, a threshold that is not high." *Chrisman on behalf of N.R.C. v. Bisignano*, 137 F.4th 618, 624 (7th Cir. 2025) (citations and quotation marks omitted). Though ALJs do not need to discuss every piece of evidence, they are required to build a logical bridge spanning the evidence and conclusions "sufficient to allow [the reviewing court] to assess the validity of the ultimate findings and afford meaningful review," and ALJs must not "ignore a line of evidence supporting a finding of disability." *Id.* The ALJ did so in this case. Despite Plaintiff's desire for the ALJ to adopt more of the restrictions described by the physician assistant, the ALJ drew a logical bridge between the evidence and her conclusion that his opinion was not fully persuasive.

**IV.     Conclusion**

For the foregoing reasons, the Court **DENIES** the relief requested in Plaintiff's Opening

Brief [DE 15] and **AFFIRMS** the Commissioner of Social Security's final decision.

SO ORDERED this 3rd day of June, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record